ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 1 4 2012

JAMES N. HATTEN, Clerk
By:
Deputy Clerk

UNITED STATES OF AMERICA      :
                              :      CRIMINAL INDICTMENT
          v.                  :
                              :      NO.  **1:12CR0053**
LAWRENCE KENNETH SWENSON, JR. :
HEATHER COTE,                 :
                              :
          Defendants.         :


THE GRAND JURY CHARGES THAT:

### COUNTS ONE – NINE

### Background

1.  At all times relevant to the offense(s) charged herein,

A.    Defendant LAWRENCE KENNETH SWENSON, JR. ("SWENSON")
purported to be, and held himself out as being, affiliated with,
associated with, and having a business relationship with the
following businesses and entities:

(i)  MFI Software Corporation, a Georgia corporation
listing its office as 1870 The Exchange, Suite 100, Atlanta,
Georgia, and doing business as MFI Corporation, American
PropertyTrust, American HomeTrust, American BusinessTrust and
American InvestorTrust ("MFI"). Defendant SWENSON was listed as
registered agent, chief executive officer, secretary and chief
financial officer of MFI; defendant HEATHER COTE represented that
she was defendant SWENSON's "partner" and at times "employee."

(ii)  Cote Enterprises, Inc., a Texas corporation listing its office and principal place of business as 11200 Westheimer Road, Suite 900, Houston, Texas, and doing business as Alturas Funding ("Alturas Funding").  Defendant HEATHER COTE was listed as the registered agent of Alturas Funding and its sole officer. Defendants SWENSON and COTE represented MFI and Alturas Funding to be closely affiliated companies which partnered in arranging funding for their clients.

(iii) Southeastern Escrow Express LLC ("SEE"), a Florida corporation listing its office and principal place of business at 2101 North Side Drive, Suite 304, Panama City, Florida.  SEE was incorporated on or about May 17, 2010.  E.D. was listed as the manager of SEE.  Defendant HEATHER COTE was listed as the managing member of SEE.

B.  At all times relevant to the offense(s) charged herein, defendant SWENSON resided and transacted business in the Northern District of Georgia and elsewhere.

### Scheme To Defraud

2.  At all times relevant to the offense(s) charged herein, defendant SWENSON, within the Northern District of Georgia and elsewhere, devised and intended to devise a scheme and  artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, to wit, the "advance fee scheme" described below:

-2-

A.   It was part of the scheme and artifice to defraud that defendant SWENSON identified and targeted persons and entities having immediate need for large sums of money or capital.

B.   It was further a part of the scheme and artifice to defraud that defendant SWENSON would communicate and cause others to communicate with potential victims, usually by email messages and telephone, falsely and fraudulently advising and representing that the defendants had access to investors with large sums of money available for use as loans and investment funds and a potential interest in financing the victims' various projects.

C.   It was further a part of the scheme and artifice to defraud that, upon being contacted by potential victims seeking loans and investment funds, defendant SWENSON would advise the victims that the victims would have to wire a sum of money, typically $3,000, to companies affiliated with defendant SWENSON as a non-refundable "processing fee" for his and these companies' services in obtaining approval for "private investor funding."

D.   It was further a part of the scheme and artifice to defraud that, upon being contacted by potential victims seeking loans and investment funds, defendant SWENSON would advise the victims that the victims must wire transfer a sum of money up front, typically in the tens or hundreds of thousands of dollars, to MFI, Alturas Funding, SEE and other companies and accounts affiliated with defendant SWENSON as a "down payment," "cash

-3-

consideration" or "consideration funds" required by purported European investors as a demonstration of the victim's serious intentions and "skin in the game," and would represent to the victims that such expenses and fees were "100% refundable" if the victim decided to cancel the "trust agreement."

E.    It was further a part of the scheme and artifice to defraud that, at the time defendant SWENSON sought, solicited, requested, and obtained the advance expenses and fees from the victims, defendant SWENSON did not have and did not intend to provide to the victims access to sources of loans and investment funds that the defendants had promised to the victims, and did not intend to refund the "consideration" monies transferred to MFI, Alturas Funding and SEE by the victims.

### Manner and Means/
### Execution of Scheme

3.    Defendant SWENSON did execute and attempt to execute the herein described scheme and artifice to defraud by utilizing the means and manners described below:

A.    In furtherance of the scheme and artifice to defraud, defendant SWENSON falsely and fraudulently represented and caused others to represent to potential victims that MFI and Alturas Funding had access to project funding and venture capital through the defendants' network of European investors.

B.    In furtherance of the scheme and artifice to defraud, defendant SWENSON would and did provide, and caused to be provided,

-4-

"Approval Notices" which falsely and fraudulently promised and assured the victims that funding would be provided for the victims' home finance and business projects from a "private investor."

    C.    In furtherance of the scheme and artifice to defraud, defendant SWENSON would and did require that the victims pay an advance non-refundable "processing" fee as a precondition to obtaining funding for the victims.

    D.    In furtherance of the scheme and artifice to defraud, defendant SWENSON falsely and fraudulently represented and caused others to represent to potential victims that the willingness of the "assigned investor" to provide funding was contingent on the victims' tendering "consideration monies," usually in the tens or hundreds of thousands of dollars, to MFI and Alturas Funding.

    E.    In furtherance of the scheme and artifice to defraud, defendant SWENSON falsely and fraudulently represented and caused others to represent to victims that the "consideration monies" tendered by the victims were "100% refundable" if victims changed their minds about going forward with the financing and wished to terminate the "trust agreement."

    F.    In furtherance of the scheme and artifice to defraud, defendant SWENSON would and did send "Transaction Cancellation Authorization" forms to victims who gave notice of termination and requested a refund, and represented to the victims that the "refund will be issued within 14-30 days."

-5-

G.   In furtherance of the scheme and artifice to defraud, defendant SWENSON attempted to forestall victims' demands for refunds through false pretenses, including, for example, by assuring them and causing others to assure them that funding was imminent, that the refund was being processed, that a refund check or wire transfer had "gone out", or that MFI had never received the victims' funds from an intermediary.

H.   In furtherance of the scheme and artifice to defraud, defendant SWENSON would and did invite victims to travel to Germany to meet him and potential investors in-person, in exchange for a "meeting fee", at which time the victims would present their business proposals and projects for review and consideration to defendant SWENSON, and to other unindicted co-conspirators, who falsely and fraudulently purported to be wealthy private investors interested in financing commercial projects in the United States.

### Wire Transmittals

4.   On or about each dates set forth in the chart below, in the Northern District of Georgia and elsewhere, defendant SWENSON, aided and abetted by each other and others, known and unknown to the Grand Jury, for the purpose of executing the aforesaid scheme and artifice to defraud, and attempting to do so, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did knowingly and willfully cause to be transmitted by means of wire and radio

communications in interstate commerce, certain signs, signals and
sounds, that is, wire transfers of money, in the corresponding
amounts listed below, from the origins listed below and to the
corresponding destinations:

| COUNT | DATE | ORIGIN | DESTINATION | TRANSFER AMOUNT |
|---|---|---|---|---|
| 1 | 08/06/2008 | MY and JT, Fort Myers, Florida | MFI account in Atlanta, Georgia | $500,000.00 |
| 2 | 11/24/2008 | MY, University Park, Florida | MFI account in Atlanta, Georgia | $650,000.00 |
| 3 | 08/04/2009 | MY, Fort Myers, Florida | MFI account in Atlanta, Georgia | $350,000.00 |
| 4 | 12/02/2009 | DM, Hudson, Massachusetts | MFI account in Atlanta, Georgia | $130,000.00 |
| 5 | 12/02/2009 | DM, Hudson, Massachusetts | MFI account in Atlanta, Georgia | $30,000.00 |
| 6 | 07/01/2010 | JS, Endicott, New York | MFI account in Atlanta, Georgia | $285,000.00 |
| 7 | 07/22/2010 | DF, Vienna, Illinois | MFI account in Atlanta, Georgia | $10,000.00 |
| 8 | 08/09/2010 | ED, Panama City, Florida | MFI account in Atlanta, Georgia | $90,000.00 |
| 9 | 09/10/10 | WS, Hamilton, Montana | MFI account in Atlanta, Georgia | $80,000.00 |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS TEN - FOURTEEN

5. The Grand Jury realleges each allegations set forth in paragraphs 1 through 3 as if the same were fully set forth herein.

6. On or about each dates set forth in the chart below, in the Northern District of Georgia and elsewhere, defendants LAWRENCE KENNETH SWENSON, JR. and HEATHER COTE, aided and abetted by each other and others, known and unknown to the Grand Jury, for the purpose of executing the aforesaid scheme and artifice to defraud, and attempting to do so, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did knowingly and willfully cause to be transmitted by means of wire and radio communications in interstate commerce, certain signs, signals and sounds, that is, wire transfers of money, in the corresponding amounts listed below, from the origins listed below and to the corresponding destinations:

| COUNT | DATE | ORIGIN | DESTINATION | TRANSFER AMOUNT |
|-------|------|--------|-------------|-----------------|
| 10 | 10/15/2008 | GJ and MM, Washington State | MFI account in Atlanta, Georgia | $740,000.00 |
| 11 | 07/23/2010 | ED, Panama City, Florida | MFI account in Atlanta, Georgia | $79,000.00 |
| 12 | 08/17/2010 | ED, Panama City, Florida | MFI account in Atlanta, Georgia | $750,000.00 |
| 13 | 08/23/10 | ED, Panama City, Florida | MFI account in Atlanta, Georgia | $44,000.00 |
| 14 | 09/16/10 | ED, Panama City, Florida | MFI account in Atlanta, Georgia | $750,000.00 |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT FIFTEEN

7. The Grand Jury realleges each allegations set forth in paragraphs 1 through 3 as if the same were fully set forth herein.

8. From about May 2007, and continuing through about December 2011, the exact dates being unknown to the Grand Jury, in the Northern District of Georgia and elsewhere, the Defendants, LAWRENCE KENNETH SWENSON, JR. and HEATHER COTE, together with others known and unknown to the Grand Jury, did willfully combine, conspire, confederate, agree, and have a tacit understanding among themselves and with each other to commit certain offenses against

the United States, to wit, violations of Title 18, United States Code, Section 1343, by operating an "advance fee" scheme as described and set out above in Counts One through Thirteen, all in violation of Title 18, United States Code, Section 1349.

## COUNT SIXTEEN

5. The Grand Jury realleges each allegations set forth in paragraphs 1 through 3 as if the same were fully set forth herein.

6. On or about November 5, 2009, in the Northern District of Georgia, defendant LAWRENCE KENNETH SWENSON, JR., aided and abetted by other unindicted co-conspirators, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did induce a person, to wit: B.C., to travel in foreign commerce, from New York to Germany, in the execution of the aforesaid scheme and artifice to defraud B.C. of money and property having a value of $5,000 or more,  in violation of Title 18, United States Code, Section 2314, and Section 2.

## FORFEITURE PROVISION

(18 U.S.C. § 981(a)(1)(C))

1.    All of the allegations set forth in the preceding paragraphs are incorporated herein by reference, as if the same were fully set forth herein.

2.    Upon conviction of one or more of the offenses alleged in Counts One through Sixteen of this Indictment, defendants SWENSON and COTE shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violations.

3.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

      (A) cannot be located upon the exercise of due diligence;

      (B) has been transferred or sold to, or deposited with, a third party;

      (C) has been placed beyond the jurisdiction of the court;

      (D) has been substantially diminished in value; or

      (E) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. §
853(p) as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of
any other property of said defendant(s) up to the value of the
forfeitable property described above.


A _____ BILL

FOREPERSON


BRIAN M. PEARCE
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No. 568768
75 Spring Street, S.W.
Atlanta, GA 30335
404/581-6000

-12-